## R. M. LYON v. WM. HAYDEN.

### *Evidence.  Agent.*

The plaintiff, by his agent, left a hay tedder with the defendant, who had it in his possession at the commencement of the suit. The question was, whether it had been sold or left on trial; *Held*, in view of the plaintiff's directions to his agent to keep the tedder housed, that what the agent said to the defendant after he refused to accept the machine, namely; to keep it under cover until the plaintiff should come for it, was admissible, as showing the character of the defendant's possession.

ASSUMPSIT. Trial by Jury, February Term, 1886, Ross, J., presiding. Judgment for defendant.

Renfrew testified as to what he told the defendant:

"I was over there in a short time after he got it, to see him about some lumber one evening, and he told me he had lost the washer, and the thing had gone to bits and he could not use it. I told him to run it under cover, as he had more room to house it than I had, until he saw Lyon, or until Mr. Lyon came around."

The plaintiff's testimony was substantially like Renfrew's on this point.

The plaintiff admitted that he told Renfrew that he wished him to keep the machine under cover.

*John C. Burke*, for the plaintiff, cited *White* v. *Langdon,*
30 Vt. 599; *Upham* v. *Clay*, 36 Vt. 27; *Wilmot* v. *Ins. Co.* 46
Conn. 383.

*L. H. Thompson*, for the defendant, cited *Green* v. *Donaldson*, 16 Vt. 162; *Danforth* v. *Streeter*, 28 Vt. 495; *Ross* v.
*Bank of Burlington*, 1 Aik. 52; *Elkins* v. *Hamilton*, 20 Vt.
627; 2 Best Ev. (Wood's ed.) sec. 495; 1 Greenl. Ev. (12th
ed.) sec. 108; Story Agency (7th ed.), s. 97.

The opinion of the court was delivered by

WALKER, J. The issue before the jury in the trial of this
cause in the County Court, was whether the defendant pur-
chased the hay tedder in question or not. The tedder was
stored on the defendant's premises at the time of the com-
mencement of the suit and trial. The plaintiff's claim was
that, under an agreement made between them, the use of
the tedder by the defendant for more than one half day was
an acceptance of it by him and completed the sale to him.
The defendant admitted taking the machine for trial and
using it upon three or four occasions on different parts of
his farm and until it broke; but denied making any such
agreement with the plaintiff, and claimed that his possession
of the machine, after he had tried it and decided not to keep
it, was under the request of Renfrew, the plaintiff's agent,
to house it until the plaintiff should take it away.

The only error claimed by the plaintiff is the admission of
the testimony of the defendant and the witness Renfrew, as
to the directions which Renfrew, while acting as agent for
the plaintiff, gave to the defendant, after he had tried the
tedder, in respect to putting it under cover and keeping it
housed until the plaintiff should come around and see to it.
The objection to this testimony was placed upon the ground
that no authority from the plaintiff to Renfrew to give such
directions had been shown.

The defendant received the tedder from the plaintiff for

trial through his agent, Renfrew; and the case shows that the plaintiff, on cross-examination, testified in substance that he told Renfrew, when he left the tedder with him for the purposes detailed in the bill of exceptions, that if he had a place where he could put it under cover, when not in use, he should like to have it housed as he did not like to have it stand out exposed to the weather. This instruction to Renfrew was sufficient authority to him to make the arrangement which the testimony, objected to by the plaintiff, tended to show that he made with the defendant to keep the machine under cover and housed until the plaintiff should come and take care of it. So the ground of the plaintiff's objection to this testimony entirely fails.

The testimony thus received under the plaintiff's objection tended to disprove the plaintiff's theory and had a direct bearing upon the issue on trial. It tended to show the character of the defendant's possession of the tedder and to rebut any inference from his possession that he had accepted it and was holding it as a purchaser and owner, and was therefore properly admitted by the court.

Judgment affirmed.